UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00433-RJC
(3:17-cr-00019-RJC-DCK-1)

| | |
|---|---|
| TIMOTHY MONTAE HINES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**I.      Initial Screening**

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255 and finds that the motion appears <u>untimely</u> and that the petition <u>has not been signed by Petitioner under penalty of perjury</u>, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant").

**II.      Timeliness**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner pleaded guilty to one charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Criminal Case No. 3:17-cr-00019-RJC-DCK ("CR"), Doc. 13: Acceptance and Entry of Guilty Plea]. Plaintiff was sentenced on September 27, 2017, to a term of 84 months' imprisonment. Judgment was entered on October 11, 2017. [CR Doc. 20: Judgment]. Petitioner did not appeal. As such, for purposes of § 2255(f), Petitioner's conviction became final on October 11, 2017, and Petitioner had one year, or until October 11, 2018, within which to file a § 2255 motion.

Nearly a year late, on September 4, 2019, Petitioner filed a § 2255 Motion to Vacate. [Doc. 1]. Petitioner's motion reads, in its entirety: "In light of the Supreme court ruling on Rehaif v. United States of America 139 S.CT 2191." [Doc. 1]. The Petitioner does not address why his motion should not be dismissed as untimely.

The Court will grant Petitioner twenty (20) days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002); <u>United States v. Blackstock</u>, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to <u>Hill</u> for determination of timeliness of § 2255 Motion). This may include an explanation of how

Rehaif applies to the facts of Petitioner's case.

## III. Penalty of Perjury

Petitioner also failed to sign his petition under penalty of perjury. Within twenty (20) days of service of this Order, Petitioner must sign the petition under penalty of perjury and resubmit it in accordance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings.

The Petitioner is further instructed to complete the proper Section 2255 form that will be sent by the Clerk to the Petitioner. Petitioner's failure to return the Section 2255 form, signed under penalty of perjury and explaining why his petition should not be dismissed as untimely, within twenty days of service of this Order, may result in dismissal of this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner shall have twenty (20) days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely and to return a copy of the Section 2255 Motion to Vacate, signed in his own handwriting under penalty of perjury. The explanation as to timeliness shall be included on the Section 2255 form that is being sent to Petitioner. If Petitioner does not submit such signed Motion to Vacate within twenty (20) days from entry of this Order, the petition may be dismissed without further notice.

(2) The Clerk of Court is instructed to mail Petitioner a blank Section 2255 form.

Signed: September 6, 2019

Robert J. Conrad, Jr.
United States District Judge